IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 02, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

Stephon Marsh,

Petitioner,

v.

Warden – Dillwyn Correctional Center,

Respondent.

Civil Action No. 7:26-cv-00466

**MEMORANDUM OPINION AND ORDER**

Petitioner Stephen Marsh, a Virginia inmate acting *pro se*, filed this action under 28 U.S.C. § 2254. (Habeas Pet. (Dkt. 1).) On October 1, 2026, the court issued an order directing Petitioner to submit information or argument concerning whether he had exhausted his claims in state court. (Dkt. 5.) This matter is before the court on Marsh's response to the court's October 1 order and his motion to stay and hold his petition in abeyance, both filed on October 19, 2026. (Dkts. 6, 7.)[1] For the following reasons, the court will deny Marsh's motion to stay and dismiss this matter without prejudice.

Marsh challenges a 2023 conviction issued by the Charlottesville Circuit Court for rape by force, extortion in writing, and object sexual penetration by force. (*See* Habeas Pet. at 1.) March presents six grounds for relief: (1) ineffective assistance of counsel; (2) denial of the

[1] Marsh appears to have made identical filings for his response and motion to stay. (*See* Dkts. 6, 7 (both entitled "Petitioner's Response to October 1, 2026 Order Regarding Exhaustion of State Remedies and Alternative Motion to Stay and Hold Petition in Abeyance").) Accordingly, the court will refer to both filings as "Petitioner's Response."

right to present a complete defense; (3) denial of a fair trial; (4) cumulative constitutional error; (5) sentencing errors and due process violations; and (6) failure to award proper credit for time served. (*See id.* at 5–12; *see also* Petitioner's Memorandum of Law in Support of Petition ["Mem. in Supp."] (Dkt. 1-1).)

In his response and motion to stay, Marsh states that he has pursued a state habeas petition, which raises the same grounds that he advances in this federal habeas petition. (*See* Petitioner's Response Regarding Exhaustion of State Remedies and Alternative Motion to Stay ["Petr.'s Resp."] at 1–2 (Dkt. 6.).) He also concedes that his state petition is still pending before the Virginia Supreme Court. (*See id.* (referencing Supreme Court of Virginia, Record No. 260390.) Marsh asks the court to determine exhaustion for each federal constitutional claim, and to the extent that the federal petition contains exhausted and unexhausted claims, grant a stay and hold the federal proceedings in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

Based upon the record before the court, it appears that none of Marsh's claims are exhausted. Thus, Marsh's petition is not a "mixed" petition that contains both exhausted and unexhausted claims. *See Carter v. Palmer*, No. 5:25-cv-1287, 2026 WL 1908124, at *3 (D.S.C. July 2, 2026) (denying motion to stay a § 2254 petition because "the case does not involve a mixed petition under" *Rhines*). Courts have suggested that the *Rhines* test "would also apply to unmixed petitions alleging only unexhausted claims." *Meyers v. Dotson*, 2:24-cv-360, 2025 WL 2270121, at *3 (E.D. Va. May 5, 2025) (citing *Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005)); *see also Hyman v. Keller*, No. 10-6652, 2011 WL 3489092, at *10–11 (4th Cir. Aug. 10, 2011) ("The Court has subsequently extended the *Rhines* rationale beyond mixed § 2254

petitions . . . the *Pace* decision appears to authorize use of the stay and abeyance procedure under any circumstances that could warrant a state court resolution of a prisoner's claims."). To the extent that *Rhines* applies in this instance, the court still finds that a stay is not appropriate.

*Rhines* permits federal district courts to stay unexhausted claims until they become exhausted, but "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." 544 U.S. at 277. A stay is "only appropriate" when: (1) there is "good cause for the petitioner's failure to exhaust his claims first in state court"; (2) the claims are not "plainly meritless"; and (3) the petitioner did not engage in "abusive litigation tactics or intentional delay." *Id.* at 277–78.

Under the good cause prong, Marsh states that he is "concerned about the interaction between the one-year limitations period under 28 U.S.C. § 2244(d)(1) and statutory tolling under § 2244(d)(2)." (Petr.'s Resp. at 3.) The statutory tolling provision cited by Marsh provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). *Rhines* does not define good cause, but in *Pace*, the Court noted that a petitioner who has "reasonable confusion" as to whether a state post-conviction application is timely filed (and thus, whether it will be considered "properly filed" under § 2244(d)(2)), may consider filing a "protective" federal petition and seeking a *Rhines* stay. 544 U.S. at 416. The Court added that a "petitioner's reasonable confusion about whether a state filing would be timely will

ordinarily constitute 'good cause' for him to file in federal court." *Id.*; *see also Staton v. McCall*, 5:12-cv-02483, 2013 WL 3551546, at *11 (D.S.C. July 11, 2013) (discussing *Pace*). Marsh has not related any confusion about whether his state habeas application was properly or timely filed. His general concern about the timeliness of his federal habeas petition does not establish good cause for a stay of these proceedings.[2]

Based on the foregoing, Marsh's motion for a stay (Dkt. 7) will be **DENIED**, and this matter will be **DISMISSED** without prejudice. Further, finding that Marsh has failed to make a substantial showing of the denial of a constitutional right, the court will **DENY** a certificate of appealability. *See* 28 U.S.C. § 2253(c). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Marsh.

**IT IS SO ORDERED.**

**ENTERED** this 2nd day of November, 2026.



HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

[2] Marsh also expresses concern about "unnecessarily forfeiting federal review." (Petr.'s Resp. at 3.) Marsh's petition will be dismissed without prejudice, and thus, he will be free to return to federal court when his claims have been exhausted. The court expresses no opinion about the timeliness of any future petition that Marsh may file in federal court.